SWAIM *v.* STATE.

Opinion delivered January 11, 1932.

*Reed & Beard,* for appellant.

*O. E. Williams* and *Joe P. Melton,* for appellee.

McHANEY, J. The only question presented by this appeal is the constitutionality of our bastardy statute, §§ 772-785, Crawford & Moses' Digest, as amended by act 111 of the Acts of 1927. It is argued that this statute is unconstitutional, for the reason that it denies the right of trial by a jury on the question of the amount to be adjudged against the putative father for lying-in expenses of the mother and the monthly sum to be paid for the support of the child. Section 776 provides that, if the accused denies being the father of the child and demands a jury, one shall be impaneled to try this issue. In this case a jury was demanded and a trial resulted in a verdict against appellant, that is, that he is the father of the child. Thereupon the court entered judgment against him for $40 lying-in expenses and $5 per month from the date of birth of the child until it shall be 14

years old, although the act of 1927 provides for a minimum of $10 per month.

We think appellant's contention untenable. This is an old statute, enacted in 1875 (Acts 1875, No. 24), and slightly amended in 1879 (Acts 1879, No. 72) and in 1927 (Acts 1925, No. 111). Many cases have been prosecuted under it and its validity inferentially sustained in many cases. It should not therefore be held invalid except for very cogent reasons and on the attack of one injuriously affected thereby.

The act of 1927 provides for judgment against the putative father for a minimum of $25 for lying-in expenses and $10 per month for the support of the child. Since the court rendered judgment on the verdict of the jury, finding appellant to be the father, for $40 for lying-in expenses and only $5 per month, it is difficult to perceive how appellant has been injuriously affected by the judgment, as a jury could not have found less than the minimum fixed by statute. He is therefore in no position to question the validity of the statute on the ground mentioned, that is, that it does not provide for a jury to fix the amount to be paid.

What we have said makes it unnecessary to determine the constitutionality of the statute, although we have no doubt as to its validity. The circuit court sustained a demurrer to the petition for certiorari to the county court and dismissed it. That judgment is correct, and is accordingly affirmed.